IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>        Plaintiff/Respondent,<br><br>vs.<br><br>Johnny Orsinger,<br><br>        Defendant/Movant. | No. CV-13-8159-PCT-NVW (LOA)<br>No. CR-01-1062-PCT-NVW (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This case is before the Court on Defendant Johnny Orsinger's ("Movant") Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1[1]) Movant is represented by counsel. The United States ("Respondent") has filed a Response in which it does not oppose Movant's request to be resentenced. (Doc. 8)

**I. Background**

    **A. Indictment, Change of Plea and Sentencing**

Movant was charged in a superseding indictment filed on July 2, 2002 with seven criminal offenses, including two counts of First Degree Murder (Counts One and Five), one count of Carjacking Resulting in Death (Count Two), one count of Felony Murder-Robbery (Count Three), one count of Robbery (Count Four), one count of Felony Murder-Kidnaping (Count Six) and one count of Kidnaping (Count Seven). (CR docs. 47, 448; doc. 1 at 2) Three other defendants were also charged with offenses arising from the same incident. (Doc.

---

[1] Citations to "CR doc. ___" are to the record in the underlying criminal matter, CR-01-1062-PCT-NVW (LOA). Citations to "Doc. ___" or "doc. ___" are to the record in CV-13-8159-PCT-NVW (LOA), the civil case opened upon the filing of the Motion to Vacate.

8 at 2)

On September 16, 2003, Movant entered guilty pleas to all seven counts. (CR doc. 418) On December 8, 2003, the District Judge sentenced Movant to concurrent terms of life in prison on Counts One, Two, Three, Six and Seven, a concurrent term of 180 months on Count Four, and a term of life in prison on Count Five to run consecutively to the five concurrent life terms. (CR Doc. 448) The District Judge further ordered the overall sentence to run consecutively to the sentence imposed against Movant in CR 01-1072-PCT-FJM. (*Id.*)

### B. Direct Appeal

Movant filed a Notice of Appeal on December 12, 2003. (CR doc. 450) On June 27, 2005, the United States Court of Appeals for the Ninth Circuit issued a memorandum decision in which it affirmed Movant's convictions and sentences. (Doc. 1 at 2) Movant did not file a petition for writ of *certiorari* to the United States Supreme Court. (Doc. 1 at 2)

### C. Motion to Vacate

On June 23, 2013, Movant filed his Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc. 1) In his only ground for relief, Movant contends he is entitled to be resentenced pursuant to *Miller v. Alabama*, 132 S.Ct. 2455 (2012). Movant claims that according to the holding in *Miller*, the Eighth Amendment prohibits a court from imposing a mandatory life sentence on a juvenile. Respondent filed a Response to Motion to Vacate, Set Aside or Correct Sentence on November 22, 2013. (Doc. 8)[2] As referenced above, Respondent does not oppose Movant's request to be resentenced. (Doc. 8 at 5)

## II. Discussion

In *Miller,* the Supreme Court held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." *Miller*, 132 S.Ct. at 2469. "Such mandatory penalties, by their nature, preclude a sentencer

---

[2] Respondent summarizes the facts of the case in the Response by repeating the facts set forth in Movant's plea agreement. (Doc. 8 at 4-5 (citing CR doc. 449)) The undersigned Magistrate Judge sees no reason to repeat them again here.

from taking account of an offender's age and the wealth of characteristics and circumstances attendant to it." *Id.* at 2467.

Movant states that five of his six life sentences were mandatory. (Doc. 1 at 3) He further states he was sixteen years old at the time of the offenses and was transferred to adult status pursuant to 18 U.S.C. § 5032. He contends, therefore, he is entitled to be resentenced "on the counts comprising the basis for the mandatory life sentences." He asks the Court to vacate his sentences and conduct a new sentencing hearing that affords him an opportunity to present mitigating evidence in support of sentences that provide a meaningful opportunity for release.

Respondent agrees Movant was sixteen years old at the time of the murders, and that *Miller* is retroactive and applicable to Movant. Respondent, therefore, does not oppose Movant's request. In light of the holding in *Miller* and Respondent's non-opposition to Movant's request to be resentenced, this Magistrate Judge will recommend that the Motion to Vacate be granted.

Accordingly,

**IT IS RECOMMENDED** that Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255, doc. 1, be **GRANTED** and that Movant be resentenced in accordance with *Miller v. Alabama*, 132 S.Ct. 2455 (2012).

This report and recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

1  (9th Cir. 2003). Failure to timely file objections to any factual determinations of the
2  Magistrate Judge will be considered a waiver of a party's right to appellate review of the
3  findings of fact in an order of judgement entered pursuant to the Magistrate Judge's
4  recommendation.  *See* Fed. R. Civ. P. 72.
5      DATED this 2nd day of May, 2014.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge